**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1687-WJM

REBECCA S. JOHNSON,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

      Defendants.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING CASE TO COMMISSIONER**

---

      This is a social security benefits appeal brought under 42 U.S.C. § 405(g). Rebecca S. Johnson ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income benefits. The denial was affirmed by an administrative law judge ("ALJ"), who ruled that Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

      For the reasons set forth below, the ALJ's decision denying Plaintiff's application for supplemental social security income benefits is reversed and the case is remanded to the Commissioner for rehearing.

**I.  BACKGROUND**

      Plaintiff was born on November 15, 1962 and was 42 years old on the alleged disability onset date. (Admin. Record ("R.") (ECF No. 12) at 16, 43.) Plaintiff has a high school education and claimed disability due to back injury, depression, and social

anxiety.  (*Id.* at 43, 54.)

Plaintiff filed an application for supplemental security income on November 12, 2009.  (*Id.* at 43.)  The application was denied on June 17, 2010 and, upon a request for a hearing, her claims were heard by ALJ William Musseman on February 27, 2012. (*Id.* at 8.)  Plaintiff and vocational expert Martin L. Rauer testified at the hearing.  (*Id.*)

On March 14, 2012, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[1]  (*Id.*)  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 12, 2009.  (*Id.* at 10.)  At step two, he found that Plaintiff suffered from the severe impairments of "degenerative disc disease of the lumbar spine; affective disorder; and chronic obstructive pulmonary disease."  (*Id.*)  At step three, the ALJ found that Plaintiff's impairments, while severe, did not meet any of the impairments listed in the social security regulations.  (*Id.*)  The ALJ assessed Plaintiff's residual functional capacity ("RFC"), finding that she had the RFC to perform light work as defined by the regulations, except that she "can occasionally bend, squat and kneel.  She cannot climb ladders or scaffolds, and should avoid all exposure to temperature extremes, but may have minimal exposure to dust, smoke, chemicals, and fumes."  (*Id.* at 12.)

At step four, the ALJ found that Plaintiff had no past relevant work.  (*Id.* at 16.)

---

[1]  The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

At step five, the ALJ found that there were significant numbers of jobs in the national economy that Plaintiff could perform.  (*Id.* at 17.)

Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act and, therefore, not entitled to benefits.  (*Id.* at 18.)  The Appeals Council denied Plaintiff's request for review.  (*Id.* at 1.)  Thus, the ALJ's March 14, 2012 decision is the final administrative action for purposes of review.

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.*  "It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084.  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.  ANALYSIS

On appeal, Plaintiff raises five issues: (1) the ALJ adopted a non-weighted medical opinion; (2) the RFC does not account for Plaintiff's severe limitations; (3) the

RFC finding is not consistent with the evidence; (4) the RFC finding is not stated on a function-by-function basis; and (5) the ALJ improperly rejected a treating source opinion.  (ECF No. 16 at iv.)

Plaintiff first argues that the ALJ relied on the opinion of the State agency psychological consultant, Dr. Wanstrath, without assigning a particular weigh to his opinion.  (ECF No. 16 at 12.)  Dr. Wanstrath opined that Plaintiff had mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence or pace.  (R. at 48.)  Plaintiff argues that the ALJ adopted Dr. Wanstrath's opinion because the ALJ's findings were consistent with Dr. Wanstrath's opinion.  (ECF No. 16 (citing R. at 11 (finding that Plaintiff has mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence or pace)).)  The ALJ, however, failed to weigh or even mention Dr. Wanstrath's opinion. (*See generally* R. at 8-18.)

"An ALJ must evaluate every medical opinion in the record."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *see also* 20 C.F.R. § 416.927(c).  Furthermore, the social security regulations state that, unless the treating source opinion is given controlling weight (which did not occur in this case), the ALJ "must" explain in the decision the weight given to the opinions of state agency medical or psychological consultants.  20 C.F.R. § 404.1527(e)(2)(ii).  The social security rulings reiterate that an ALJ "may not ignore [the opinions of state agency consultants,] and must explain the weight given to these opinions in their decisions."  Social Security Ruling ("SSR") 96-6P, 1996 WL 374180, at *1 (July 2, 1996).  As the ALJ failed to mention Dr. Wanstrath's

4

opinion, it is clear that the ALJ did not satisfy these requirements in this case. (R. at 8-18.)

The Commissioner argues that the ALJ's failure to evaluate Dr. Wanstrath's opinion is not reversible error "because giving great weight to [Dr. Wanstrath's] opinion would not have helped her." (ECF No. 17 at 11 (quoting *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012)).) The Court finds *Keyes-Zachary* distinguishable because there the ALJ discussed the doctor's report at "some length but never explicitly stated whether he found it persuasive or what weight he assigned to it." *Keyes-Zachary*, 695 F.3d at 1162. Here, however, it is unclear from the record whether the ALJ considered or ignored Dr. Wanstrath's opinion. (*See generally* R. at 8-18.)

In *Victory v. Barnhart*, 121 F. App'x 819 (10th Cir. 2005), the claimant had submitted reports from a doctor about his examination and treatment of the claimant. *Id*. at 825. The ALJ's decision denying benefits completely omitted the doctor's reports and opinions, and gave no reason for the omission. *Id*. The Tenth Circuit stated: "This was, of course, clear legal error." *Id*. (citing 20 C.F.R. §§ 404.1527(c) and 4116.927(c)[2] ("Regardless of its source, we will evaluate every medial opinion we receive"); SSR 96-5P, 1996 WL 374183, at *1 (July 2, 1996) ("[O]pinions from any medical source about issues reserved to the Commissioner must never be ignored."). Based on this precedent, and that fact that it is impossible for the Court to determine whether the ALJ even considered Dr. Wanstrath's opinion, the Court finds that the ALJ's failure to weigh Dr. Wanstrath's opinion was legal error.

---

[2] At the time of the *Victory* decision, 20 C.F.R. § 404.1527(c) and 4116.927(c) were codified at 20 C.F.R. §§ 404.1527(d) and 4116.927(d).

Because the ALJ failed to weigh Dr. Wanstrath's opinion, the Court must remand this case.  *Robinson v. Barnhart* , 366 F.3d 1078, 1085 (10th Cir. 2004) (remanding when the ALJ did not "follow the correct legal standards in considering the opinion of claimant's . . . physician"); *Threet v. Barnhart*, 353 F.3d 1185, 1192 (10th Cir. 2003) (failure to consider all relevant evidence in accordance with the regulations necessitates remand).

Because this issue alone requires remand, the Court need not address the other arguments raised by Plaintiff.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").  The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered.  The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is VACATED and this case is REMANDED to the Commissioner for rehearing.

Dated this 23rd day of July, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge