**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-1687-WJM

REBECCA S. JOHNSON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendants.

---

**ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

---

On July 23, 2014, the Court vacated the Commissioner's denial of social security disability benefits to the Plaintiff and remanded this action for further proceedings. (ECF No. 22.)  This matter is now before the Court on Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion").  (ECF No. 26.)  For the reasons set forth below, the Motion is granted.

### I.  LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A).  "The Government bears the burden of showing that its position was substantially justified. . . . The test for substantial justification in this circuit is one of reasonableness in law and fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II.  ANALYSIS

The Court remanded this action to the Commissioner for further proceedings based on its conclusion that the Administrative Law Judge ("ALJ") failed to evaluate the medical opinion of Dr. Wanstrath, the State agency psychological consultant. (ECF No. 22 at 4-6.) "An ALJ must evaluate every medical opinion in the record." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *see also* 20 C.F.R. § 416.927(c). Additionally, an ALJ "may not ignore [the opinions of state agency consultants,] and must explain the weight given to these opinions in their decisions." Social Security Ruling 96-6P, 1996 WL 374180, at *1 (July 2, 1996). The Court noted that it was unclear from the record whether the ALJ "considered or ignored Dr. Wanstrath's opinion." (*Id.* at 4-5.)

In opposing the request for attorney's fees, the Commissioner essentially repeats the same arguments made in the Response Brief on the merits.  However, the Commissioner now also cites to *Mays v. Colvin*, 739 F.3d 569 (10th Cir. 2014), which was not cited in its Response Brief.  In *Mays*, the Tenth Circuit held that the ALJ's failure to discuss or weigh a medical opinion was "harmless error" where the was "no inconsistency between the opinion and the ALJ's assessment of residual functional capacity", and the plaintiff was not prejudiced.  739 F.3d at 578-79.

*Mays*, however, was decided almost two years after the ALJ issued his written decision in the instant case.  (*Compare Mays*, 739 F.3d 569, *with* ECF No. 12 at 8-18.) Because the ALJ could not have considered *Mays* when making his decision, and the Commissioner failed to cite *Mays* in her Response Brief on the merits, the Court finds

that the Commissioner's argument does not show that her position was substantially justified. Given the combination of all of the bases for the Court's decision on the merits, the Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA.

Plaintiff's Motion requests attorney's fees in the amount of $5,401.25 for 29 hours of work at $186.25 per hour. (ECF No. 26 at 6-8.) The Commissioner presents no specific argument challenging this hourly rate or the reasonableness of the amount of time purportedly spent by Plaintiff's counsel on the matter; the Commissioner argues only that the Government's position on the merits was substantially justified. (ECF No. 27.) The Court, therefore, finds it appropriate to award the full amount of fees requested by Plaintiff.

In Plaintiff's Reply, Plaintiff also seeks reimbursement for the additional 2.5 hours spent drafting Plaintiff's Reply on the attorney's fees issue, totaling an additional $465.63 in requested attorney's fees. (ECF No. 28 at 8.) The Court finds it appropriate to award this additional amount. *See Commissioner v. Jean*, 496 U.S. 154 (1990) (holding that fees awarded under EAJA may include the fees incurred in litigating the fee dispute itself); *Brodeur v. Astrue*, 2010 WL 4038611, at *1 (D. Colo. Oct. 14, 2010) (awarding Plaintiff's entire fee request, including fees based on time spent in connection with Plaintiff's Reply to Defendant's Objection to Motion for EAJA Fees).

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (ECF No. 26) is GRANTED; and

2.  Defendant shall pay attorney's fees under the Equal Access to Justice Act in the amount of $5,866.88 made payable to Plaintiff and delivered to Plaintiff's attorney.

Dated this 12th day of November, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge